IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANICE MCLEAN DELOATCH

v.

HARFORD COUNTY
BOARD OF EDUCATION

Civil Action No. CCB-09-3125

...o0o...

## MEMORANDUM

Now pending before the court is defendant's motion to dismiss. Plaintiff Janice McLean DeLoatch has sued the Harford County Board of Education (the "Board") and its Chairman, Mark Wolkow, for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. and 42 U.S.C. § 1983, alleging discrimination based on race. The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, the defendant's motion will be granted.

## BACKGROUND

Ms. DeLoatch, an African-American woman, began working for the Harford County Public School System in 1999 as a nutrition attendant. Ms. DeLoatch became a substitute teacher in 2005. In August 2007, the School System's Human Resources Department sent her a letter terminating her employment. The letter explained that there were criminal convictions in her record, but the plaintiff denies that she had any convictions. Instead, Ms. DeLoatch claims that she had only a pending criminal trial at that time. In November 2007,[1] Ms. DeLoatch pled guilty to submitting a

---

[1] Ms. DeLoatch writes that she pled guilty in November 2008 in her complaint, but this appears to be a mistake. First, the plaintiff states that the Human Resources Department did not realize it had already terminated her employment "about three months prior." (*See* Pl.'s Compl. ¶ 12.) Yet the first termination only occurred three months prior to the

false application to obtain public assistance. Ms. DeLoatch claims that after she pled guilty, the Department of Human Resources contacted her by telephone to terminate her employment again.

According to Ms. DeLoatch, Ms. Hamilton,[2] a white school employee, was terminated for similar reasons but was eventually reinstated. In addition, Ms. DeLoatch alleges that similarly situated school employees of other races were never terminated, despite also having criminal records. Ms. DeLoatch claims that she was terminated because of her race, in violation of Title VII and 42 U.S.C. § 1983. Ms. DeLoatch filed a charge with the Equal Employment Opportunity Commission, which issued a right to sue letter on August 19, 2009. Ms. DeLoatch subsequently filed the present lawsuit and the Board now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria

---

November phone call if both events took place in 2007. Second, the Board has attached a copy of the case history in Ms. DeLoatch's criminal conviction for falsely applying for public assistance and stealing over $500.00. (*See* Mot. to Dismiss, Ex. 1.) The case history shows that Ms. DeLoatch entered a guilty plea on September 20, 2007, with the final disposition reached on November 20, 2007. Therefore, the court will assume that Ms. DeLoatch intended to allege that she was terminated for the second time in November 2007.

[2] Ms. Hamilton's first name does not appear in the complaint or opposition brief.

for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

To state a prima facie case of race discrimination under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of her protected class received more favorable treatment. *See White v. BFI Waste Services, LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

The Board does not dispute that Ms. DeLoatch was a member of a protected class or that she suffered an adverse employment action. Instead, it argues that Ms. DeLoatch has failed to sufficiently plead that similarly situated employees received more favorable treatment or that the Board acted with any discriminatory intent. Although the complaint references Ms. Hamilton, it does not allege that she was employed in a similar capacity, had a comparable criminal history, or when and in what manner her employment was terminated. This allegation is therefore too general to establish that Ms. Hamilton was similarly situated to Ms. DeLoatch or treated more favorably by

3

the Board. Similarly, Ms. DeLoatch's claim that "there were other similarly situated employees of Harford County Public School Systems who have criminal records, whose employments were not terminated at all" provides conclusions and labels rather than factual allegations. (Pl.'s Compl. ¶ 13.) Ms. DeLoatch fails to specify the employees to whom she is referring, their job titles, or their criminal histories. Under *Twombly*, such conclusory allegations are insufficient to state a claim for relief. *See* 550 U.S. at 555. Furthermore, Ms. DeLoatch has not alleged any other facts that would otherwise create an inference of discriminatory intent. Based on the allegations in the complaint, it would be speculative to believe that the Board terminated Ms. DeLoatch's employment for any reason aside from her criminal conviction. Therefore, the court will dismiss Ms. DeLoatch's claims of discrimination.[3]

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss will be granted. A separate Order follows.

May 14, 2010 /s/
Date Catherine C. Blake
United States District Judge

---

[3] Ms. DeLoatch's § 1983 claim must also fail because the Board is not a proper defendant under the statute and there is no respondeat superior that would apply to Mr. Wolkow under § 1983. *See Lewis v. Bd. of Educ.*, 262 F. Supp. 2d 608, 614 (D. Md. 2003) (dismissing § 1983 claim against Board of Education of Talbot County, Maryland because county school boards are treated as agents of the state under Maryland law and are therefore entitled to sovereign immunity).